IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Case No. 12-cv-02953-WYD

LEROY BUHL,

    Applicant,

v.

D. BERKEBILE, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) ("the Application") filed *pro se* by Applicant, Leroy Buhl. The Application includes a supporting memorandum. (*See* ECF No. 1-1.) On February 6, 2013, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a Response to Order to Show Cause ("the Response") (ECF No. 25) and Mr. Buhl has filed a Reply to Response to Order to Show Cause ("the Reply") (ECF No. 27). After reviewing the pertinent portions of the record in this case, including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

**I.     Background**

Mr. Buhl is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Buhl filed this action challenging the validity of a prison disciplinary

conviction. According to Mr. Buhl, he was attacked by two inmates with knives on May 18, 2012, and, during the course of the attack, he managed to disarm one of the inmates and chase the other inmate away. Mr. Buhl contends that on June 1, 2012, he received an incident report charging him with possession of a weapon based on his possession of the knife he took from one of the assailants. Mr. Buhl asserts that he gave the knife to prison authorities immediately after the attack ended.

On July 9, 2012, Mr. Buhl appeared before a discipline hearing officer (DHO) who postponed the proceedings pending appointment of a staff representative. Following a DHO hearing on July 18, 2012, Mr. Buhl was convicted of the disciplinary offense and he was sanctioned with disciplinary segregation and the loss of telephone and commissary privileges for sixty days. (*See* ECF No. 25-1 at 11.) The disciplinary sanctions did not include a loss of good time credits. Mr. Buhl asserts that he was not allowed to appear at the July 18 hearing and that he did not receive a copy of the written report from the DHO following the hearing. Respondent has submitted a copy of the DHO report with the Response. (*See* ECF No. 25-1 at 8-11.)

Mr. Buhl maintains that he did not file an administrative appeal immediately following the July 18 hearing because he could not file an appeal without a copy of the DHO report. Mr. Buhl alleges in subsequent filings that he finally received a copy of the DHO report on February 8, 2013. (*See* ECF Nos. 24, 29, & 31.) Mr. Buhl further alleges that on February 14, 2013, he filed an administrative appeal of the disciplinary conviction he is challenging in this action. (*See* ECF No. 31 at 1.) On April 17, 2013, the BOP Regional Director remanded the disciplinary matter to the DHO for reconsideration because of an unspecified procedural error. (*See* ECF No. 31 at 4.)

I have not been advised by either party whether any additional proceedings have taken place following the remand.

Mr. Buhl asserts two claims for relief in the Application. He first claims that his constitutional right to due process was violated because the incident report he received on June 1, 2012, was issued more than two weeks after the alleged incident in violation of BOP rules. Mr. Buhl also alleges within his first claim that he was denied due process because he was denied a staff representative and he was excluded from the DHO hearing on July 18, 2012. Mr. Buhl alleges in his second claim that he was denied his right to file an administrative appeal because he did not receive a copy of the DHO report necessary to file an appeal.

## II.     Standards of Review

The Court must construe the Application and the Reply liberally because Mr. Buhl is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Buhl "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### III.   Discussion

#### A.  Claim 1

As noted above, Mr. Buhl first claims he was denied due process because the incident report he received on June 1, 2012, was issued more than two weeks after the alleged incident in violation of BOP rules.  Mr. Buhl also alleges within his first claim that he was denied due process because he was denied a staff representative and he was excluded from the DHO hearing on July 18, 2012.

Prison disciplinary proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  If a protected liberty interest is implicated, procedural due process requires that a prison inmate facing disciplinary charges be provided:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).  In addition, procedural due process requires that "the findings of the prison disciplinary board are supported by some evidence in the record."  *Id.* (internal citation and quotation marks omitted).

Mr. Buhl's first claim lacks merit because he was not deprived of a constitutionally protected liberty interest.  As noted above, Mr. Buhl does not allege that he was sanctioned with a loss of good time credits and I find that the sanctions actually imposed, disciplinary segregation and a loss of telephone and commissary privileges for

4

sixty days, do not implicate a constitutionally protected liberty interest. *See Muhammad v. Finley*, 74 F. App'x 847, 849 (10th Cir. 2003) (agreeing that due process claim challenging disciplinary conviction was legally frivolous because inmate "lacked a liberty interest in being free from disciplinary segregation and commissary restrictions."). Mr. Buhl's argument that he was deprived of a constitutionally protected liberty interest because he was removed from a step-down program following his disciplinary conviction lacks merit because, even assuming removal from the step-down program implicates a constitutionally protected liberty interest, he does not allege that he was removed from the step-down program as a disciplinary sanction.

Furthermore, even if the actual sanctions of disciplinary segregation and loss of telephone and commissary privileges that were imposed as a result of the disciplinary conviction Mr. Buhl is challenging did implicate a constitutionally protected liberty interest, claim one still lacks merit. Mr. Buhl's primary contention, that he received notice of the charges against him more than two weeks after the alleged incident in violation of BOP rules, does not state a constitutional claim because he does not allege he was denied any of the process required under *Wolff*. There is no dispute that Mr. Buhl received advance written notice of the charges as required under *Wolff*.

Mr. Buhl's allegations that he was denied a staff representative and that he was excluded from the disciplinary hearing on July 18 also do not demonstrate he is entitled to relief because those allegations are not supported by the record before me. The DHO report indicates that a staff representative appeared at the July 18 hearing on Mr. Buhl's behalf. (*See* ECF No. 25-1 at 8.) Although Mr. Buhl did not appear at the disciplinary hearing on July 18, the DHO report indicates that Mr. Buhl's absence

resulted from his refusal to appear and not because he was excluded from the hearing. (*See id.* at 8, 18.)  Therefore, I find that Mr. Buhl is not entitled to relief with respect to claim one.

### B.  Claim 2

Mr. Bull contends in his second claim that he was denied his right to file an administrative appeal because he did not receive a copy of the DHO report necessary to file an appeal.  I construe this claim liberally as a constitutional due process claim.  As noted above, if a constitutionally protected liberty interest was implicated, Mr. Buhl was entitled to "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  *See Hill*, 472 U.S. at 454.  However, because the sanctions imposed on Mr. Buhl as a result of the disciplinary conviction he is challenging do not implicate a constitutionally protected liberty interest for the reasons discussed above in claim one, claim two also lacks merit.  In addition, although not discussed by the parties, Mr. Buhl concedes that he eventually received a copy of the DHO report and that he filed an administrative appeal that resulted in the disciplinary matter being remanded to the DHO for reconsideration.  As a result, I find that Mr. Buhl also is not entitled to relief on his second claim.

### IV.  Conclusion

In summary, the Court finds that Mr. Buhl is not entitled to any relief and the Application will be denied.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Applicant's Motion to Compel Respondent to Expunge Incident Report and to Transfer Petitioner (ECF No. 31) is **DENIED**.

Dated: September 24, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge